Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 316
Brooklyn, New York 11201
718.797.2341 Telephone
718.222.0481 Facsimile
FM@martinezgroup.com
Attorney Docket: 1278-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
ADWAR CASTING CO., LTD.,                       :
                                               :
                               Plaintiff,      :
                                               :
        -against-                              :
                                               :
                                               :
D.C. GROUP, INC.                               :
d/b/a UNIQUE SETTINGS OF NEW YORK,             :
and                                            :
ERDMAN JEWELERS, LTD.                          :
                                               :
                               Defendants.     :
------------------------------------------------------------X
```

__ Cv __ **10**   **1 6 0 9**

**COMPLAINT**

(Jury Trial Demanded)

IRIZARRY, J.

    Plaintiff, ADWAR CASTING CO., LTD. (hereinafter, "Plaintiff" or "Adwar"), by and

through its attorneys, The Martinez Group PLLC, for its Complaint against Defendants, D.C.

GROUP, INC. d/b/a UNIQUE SETTINGS OF NEW YORK ("Unique Settings") and ERDMAN

JEWELERS, LTD., ("Erdman" and, collectively, "Defendants"), alleges as follows:


### NATURE AND SUBSTANCE OF THE ACTION

1.    Plaintiff files this action against Defendants for Copyright Infringement under 17 U.S.C.

    §101, et seq., and Unfair Competition under 15 U.S.C. §1125.

{00014251 v.1}

2.   This action is brought in response to a classic case of Copyright Infringement and Unfair Competition, specifically the unauthorized copying and commercial, for-profit use and distribution of Plaintiff's copyrighted works.

3.   Upon information and belief, Defendants have made or caused others to make unauthorized and infringing copies of Plaintiff's copyrighted jewelry designs and has sold and distributed the same to other retailers and wholesalers of such goods.

4.   Defendant Unique Settings has imprinted its own "mark" on infringing copies of Plaintiff's copyrighted designs.

5.   Defendant Unique Settings has engaged in each of these actions seeking to profit from the sale of its infringing jewelry products by way of selling its infringing products to both retailers of such goods and directly to consumers.

6.   Defendants have engaged in the actions complained of herein in this District, in the State of New York, and throughout the United States.

7.   Titles 15 and 17 of the United States Code (The Trademark Act and Copyright Act) were each enacted to provide remedies to copyright and trademark owners who suffer damages by reason of such actions.

## JURISDICTION AND VENUE

8.   This is an action for Copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §101 et seq., and Unfair Competition under the Lanham Act, 15 U.S.C. §1125, which seeks the disgorgement of revenues, profits, together with damages, statutory damages, and costs by reason of Defendants' past and ongoing infringements of Plaintiff's copyrighted works identified herein and the trademarks associated therewith.

{00014251 v.1}

9.   This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338(a) and 1338(b), its supplemental jurisdiction, and under Rule 4 of the Federal Rules of Civil Procedure.

10.  Venue is proper in this district under 28 U.S.C. §1391 and §1400 in that Defendants or Defendants' agents may be found in this District and Defendants transact business in this District.

## PARTIES

11.  Plaintiff, ADWAR CASTING CO., LTD ("Adwar"), is a Corporation formed in the State of New York with its principal place of business located at 120 South Long Beach Road, Rockville Centre, New York 11570.

12.  For more than 37 years, Adwar has been in the business of designing jewelry and manufacturing precious metal castings of its designs for sale to retailers of such products.

13.  Adwar conducts business throughout the United States, the State of New York, and the County of Kings via the Internet at www.adwar.com.

14.  Defendant, D.C. GROUP, INC. d/b/a UNIQUE SETTINGS OF NEW YORK ("Unique Settings"), is a Corporation formed in the State of New York with its principal place of business located at 31-00 47th Avenue, 2nd Floor, Long Island City, New York 11101.

15.  Unique Settings also maintains an office located at 151 West 46th Street, 2nd Floor, New York, New York 10036.

16.  Unique Settings is engaged in the business of designing and manufacturing jewelry and conducts business throughout the United States, the State of New York, and the County of Kings and via the Internet at www.uniquesettings.com.

17. Defendant, ERDMAN JEWELERS, LTD. ("Erdman"), is a Corporation formed in the State of New Jersey with its principal place of business located at 1 Woodbridge Center, Woodbridge, New Jersey 07095.

18. Upon information and belief, Erdman is engaged in the business of selling retail jewelry and conducts business in the States of New Jersey and New York and the County of Kings.

19. Both Unique Settings and Erdman are former customers of Plaintiff Adwar.

## FACTS COMMON TO ALL CLAIMS

20. Plaintiff Adwar is engaged in the business of, *inter alia*, designing, marketing, and manufacturing a wide range of jewelry products, in particular, precious metal jewelry castings, including, among others, rings, engagement rings and necklace pendants.

21. Adwar's copyrighted designs and goods are made of high quality metals, such as gold, palladium, platinum, and silver, among many others.

22. Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry catalog entitled "Adwar Casting Company Collection No. 12."

23. Adwar's Collection No. 12 catalog includes the display of approximately 827 individual pieces of jewelry designs, including specifically the Style Nos.: 16938L, 17191L; W1866; and W1867.

24. Plaintiff is the exclusive owner of U.S. Copyright Registration VA0000917801 for the Adwar Casting Company Collection No. 12 catalog of designs, a copy of which is annexed hereto as Exhibit A.

25. Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry catalog entitled "Adwar Casting Company Collection No. 13."

26. Adwar's Collection No. 13 catalog includes the display of approximately 832 individual pieces of jewelry designs, including, more specifically, Style Nos.: 17095L; 17266L; 17331L; 17336L; 17364L; 17278L; 17264L; 17320L; 17281L; 17282L; 17325L; 17557L; R1483; R1484; W1910; W1949; and W1909.

27. Plaintiff is the exclusive owner of U.S. Copyright Registration VA0001007372 for the Adwar Casting Company Collection No. 13 catalog of designs, a copy of which is annexed hereto as Exhibit B.

28. Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry catalog entitled "Adwar Casting Company Collection No. 14."

29. Adwar's Collection No. 14 catalog includes the display of approximately 929 individual pieces of jewelry designs, including, more specifically, Style Nos.: 17595L; 17596L; 17616L; 17667L; 17308L; 17243L; W2028; W2032; and W2033.

30. Plaintiff is the exclusive owner of U.S. Copyright Registration VA0001075193 for the Adwar Casting Company Collection No. 14 catalog of designs, a copy of which is annexed hereto as Exhibit C.

31. Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry catalog entitled "Adwar Casting Company Collection No. 15."

{00014251 v.1}

32. Adwar's Collection No. 15 catalog includes the display of approximately 936 individual pieces of jewelry designs, including, more specifically, Style Nos.: W1909, 18301L; and 18284L.

33. Plaintiff is the exclusive owner of U.S. Copyright Registration VA0001118830 for the Adwar Casting Company Collection No. 15 catalog of designs, a copy of which is annexed hereto as Exhibit D.

34. Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry catalog entitled "Adwar Casting Company Collection No. 16."

35. Adwar's Collection No. 16 catalog includes the display of approximately 966 individual pieces of jewelry designs, including, more specifically, Style Nos.: 18759L; 18758L; 18757L; 18756L; 18569L; 18570L; 18571L; 18582L; 18650L; 18652L; 18686L; C10835; and 18609L.

36. Plaintiff is the exclusive owner of U.S. Copyright Registration VA0001174146 for the Adwar Casting Company Collection No. 16 catalog of designs, a copy of which is annexed hereto as Exhibit E.

37. Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry catalog entitled "Adwar Casting Company Collection No. 17."

38. Adwar's Collection No. 17 catalog includes the display of approximately 1355 individual pieces of jewelry designs, including, more specifically, Style Nos.: 18284L and 19187L.

39. Plaintiff is the exclusive owner of U.S. Copyright Registration VA0001254674 for the Adwar Casting Company Collection No. 17 catalog of designs, a copy of which is annexed hereto as Exhibit F.

40. Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry catalog entitled "Adwar Casting Company Collection No. 18."

41. Adwar's Collection No. 18 catalog includes the display of approximately 1514 individual pieces of jewelry designs, including, more specifically, Style Nos.: 20189L; 20190L; 20191L; 20238L; 20239L; 19759L; 19760L; 19761L; 19762L; 20032L; 20081L; and 20153L.

42. Plaintiff is the exclusive owner of U.S. Copyright Registration VA0001284528 for the Adwar Casting Company Collection No. 18 catalog of designs, a copy of which is annexed hereto as Exhibit G.

43. Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry catalog entitled "Adwar Casting Company Collection No. 21."

44. Adwar's Collection No. 21 catalog includes the display of approximately 1254 individual pieces of jewelry designs, including more specifically, Style Nos.: 22180L; 22551L; and 22661L.

45. Plaintiff is the exclusive owner of U.S. Copyright Registration VAu001006283 for the Adwar Casting Company Collection No. 21 catalog of designs, a copy of which is annexed hereto as Exhibit H.

46.   Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry collection entitled "New Designer Estate, Flower and Bezel Collection."

47.   Adwar's New Designer Estate, Flower and Bezel Collection of designs includes the display of 46 individual pieces of jewelry designs, including, more specifically, Style Nos.: 17266L; 17264L; 17281L; 17282L; and W1949.

48.   Plaintiff is the exclusive owner of U.S. Copyright Registration VAu000448446 for the New Designer Estate, Flower and Bezel Collection of designs, a copy of which is annexed hereto as Exhibit I.

49.   Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry collection entitled "Unpublished 1999 Postcard Designer Collection."

50.   Adwar's Unpublished 1999 Postcard Designer Collection includes the display of 13 individual pieces of jewelry designs, including, more specifically, Style Nos.: 17264L; 17281L; and 17243L.

51.   Plaintiff is the exclusive owner of U.S. Copyright Registration VAu000462222 for the Unpublished 1999 Postcard Designer Collection of designs, a copy of which is annexed hereto as Exhibit J.

52.   Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry collection entitled "Overlapping Designer Collection 2000."

53.   Adwar's Overlapping Designer Collection 2000 includes the display of 7 individual pieces of jewelry designs, including, more specifically, Style Nos.: 17308L and 17243L.

54.  Plaintiff is the exclusive owner of U.S. Copyright Registration VAu000487360 for the Overlapping Designer Collection 2000 designs, a copy of which is annexed hereto as Exhibit K.

55.  Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry collection entitled "Unpublished 2002 Postcard Designer Collection."

56.  Adwar's Unpublished 2002 Postcard Designer Collection includes the display of 16 individual pieces of jewelry designs, including, more specifically, Style Nos.: 18756L and 18569L.

57.  Plaintiff is the exclusive owner of U.S. Copyright Registration VAu000546589 for the Unpublished 2002 Postcard Designer Collection of designs, a copy of which is annexed hereto as Exhibit L.

58.  Adwar designed, created, and is the exclusive owner of the jewelry designs as well as the artwork contained in the jewelry collection entitled "New Right Hand Ring Designs 2003."

59.  Adwar's New Right Hand Ring Designs 2003 collection includes the display of 16 individual pieces of jewelry designs, including, more specifically, Style Nos.: 18284L and 19187L.

60.  Plaintiff is the exclusive owner of U.S. Copyright Registration VAu000594807 for the New Right Hand Ring Designs 2003, a copy of which is annexed hereto as Exhibit M.

61.  Each of Plaintiff Adwar's Copyrights are valid and subsisting.

62.  Adwar has sold and continues to sell and derive significant revenue from the sale of its copyrighted jewelry designs.

63. Adwar's copyrighted jewelry designs are made available to consumers and distributors of such goods worldwide via the catalogs identified above and via the Internet at www.adwar.com.

64. Adwar's registered customers are each assigned a unique customer login number and password which gives them special access to view Adwar's foremost, exclusive and on occasion, not yet publicly available, jewelry designs on Adwar's website.

65. Plaintiff Adwar places the jeweler's mark "A/C ©" on each of its copyrighted goods, a representative showing of which is annexed hereto as Exhibit N.

## DEFENDANTS' ACTIONS

### Defendant Erdman

66. Defendant Erdman was a former customer of Plaintiff.

67. Defendant Erdman, as part of its license and permission to display and sell Plaintiff's copyrighted works, was assigned a unique customer login ID number and password by Plaintiff Adwar to access Plaintiff's password-protected website.

68. Adwar maintains its website, www.adwar.com, for the purposes of illustrating its various goods and services and provides a password protected access feature to its authorized resellers so that they view new and exclusive designs and, on occasion, designs not yet publicly available, so that they may place orders for such goods.

69. Upon information and belief, Defendant Erdman impermissibly gave its customer login ID and password to Unique Settings for the purposes of providing Unique with access to such proprietary information without the knowledge of Adwar.

70.   Upon information and belief, by reason thereof, Erdman thereby facilitated, contributed
      and profited from the infringements complained of herein.

71.   Upon information and belief, Defendant Unique Settings has covertly and impermissibly
      accessed Adwar's password protected web site using Erdman's customer login ID and
      password for the purpose of accessing and copying Plaintiff Adwar's successful jewelry
      designs.

**Defendant Unique Settings**

72.   Beginning on or about August 11, 1999 and ending on or about May 1, 2007, Defendant
      Unique Settings purchased jewelry castings from Plaintiff, including, but not limited to,
      Plaintiff's jewelry designs identified herein.  Representative copies of the invoices of
      jewelry castings that Defendant Unique Settings purchased are annexed hereto as Exhibit
      O.

73.   Defendant Unique Settings purchased jewelry castings from Plaintiff and marketed the
      same continuously until on or about May 1, 2007, at which time Plaintiff expressly revoked
      permission to distribute, market, and sell all of Plaintiff's jewelry designs and terminated
      its business relationship with Unique Settings.

74.   Subsequent to the aforementioned revocation and termination of their business relationship,
      upon information and belief, Defendant Unique Settings began to create, distribute, market,
      and sell infringing copies of Adwar's copyrighted designs, thereby making or causing
      others to make unauthorized and infringing copies of Plaintiff Adwar's copyrighted jewelry
      designs.

75. Defendant Unique Settings has sold and distributed the infringing goods (hereinafter, "Infringing Jewelry"), for profit, to retailers of such goods and directly to consumers in this District and throughout the United States.

76. A schedule is annexed hereto showing, *inter alia* and without limitation, a vast list comparing the Styles of Plaintiff's copyrighted jewelry designs and the corresponding infringing products made and marketed by Unique Settings; the schedule is annexed hereto as Exhibit P.

77. Upon information and belief, Defendant Unique Settings has made or caused others to make additional infringing copies of Plaintiff Adwar's copyrighted jewelry designs, the exact number of which can only be determined at trial.

78. Defendant Unique Settings has placed its own "mark" ("US ©") on each infringing piece of jewelry (see, Exhibit N).

79. By the actions referenced above, Defendant Unique Settings caused consumers to believe that the infringing jewelry goods are the original copyrighted designs of Unique Settings (see, Exhibit N).

80. In addition, Defendant Unique Settings has created or caused others to create images of the Infringing Jewelry in Defendant Unique Settings' jewelry catalogs after permission to do so was revoked on or about May 1, 2007, thereby further infringing upon Plaintiff Adwar's copyrighted jewelry designs; showings of Defendant's jewelry catalogs are annexed hereto as Exhibit Q.

81. Defendant Unique Settings has also created and continues to create images of the Infringing Jewelry in digital form displayed on Defendant's web site,

{00014251 v.1}

www.uniquesettings.com, thereby further infringing upon Plaintiff Adwar's copyrighted jewelry designs; a showing of Defendant's web site is annexed hereto as Exhibit R.

### Unique Settings' Actions and Adwar's Copyrights

82.  Defendant Unique Settings has made or caused others to make unauthorized copies of Adwar's Collection No. 12 jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VA0000917801); showings of the infringing goods are annexed hereto as Exhibit S (See also specific Infringement ID Nos. 1-3 from Exhibit P).

83.  Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Collection No. 13 jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VA0001007372); showings of the infringing goods are annexed hereto as Exhibit T (See also specific Infringement ID Nos. 4-18 from Exhibit P).

84.  Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Collection No. 14 jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VA0001075193); showings of the infringing goods are annexed hereto as Exhibit U (See also specific Infringement ID Nos. 16, 17, 19, & 20-22 from Exhibit P).

85.  Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Collection No. 15 jewelry designs, thereby infringing upon Plaintiff Adwar's valuable Copyright in the same (Reg. No. VA0001118830); showings of the infringing goods are annexed hereto as Exhibit V (See also specific Infringement ID No. 18, 23 & 24 from Exhibit P).

86.  Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Collection No. 16 jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VA0001174146); showings of the infringing goods are annexed hereto as Exhibit W (See also specific Infringement ID No. 25-34 from Exhibit P).

87.  Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Collection No. 17 jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VA0001254674); showings of the infringing goods are annexed hereto as Exhibit X (See also specific Infringement ID No. 24 & 35 from Exhibit P).

88.  Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Collection No. 18 jewelry designs thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VA0001284528); showings of the infringing goods are annexed hereto as Exhibit Y (See also specific Infringement ID Nos. 36-47 from Exhibit P).

89.  Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Collection No. 21 jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VAu001006283); showings of the infringing goods are annexed hereto as Exhibit Z (See also specific Infringement ID Nos. 48-50 from Exhibit P).

90.  Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's New Designer Estate, Flower and Bezel Collection jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No.

VAu000448446); showings of the infringing goods are annexed hereto as <u>Exhibit AA</u> (See also specific Infringement ID Nos. 4, 8, 10, 11 & 17 from <u>Exhibit P</u>).

91.   Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Unpublished 1999 Postcard Designer Collection jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VAu000462222); showings of the infringing goods are annexed hereto as <u>Exhibit BB</u> (See also specific Infringement ID Nos. 8, 10 & 21 from <u>Exhibit P</u>).

92.   Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Overlapping Designer Collection 2000 jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VAu000487360); showings of the infringing goods are annexed hereto as <u>Exhibit CC</u> (See also specific Infringement ID Nos. 20 & 21 from <u>Exhibit P</u>).

93.   Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's Unpublished 2002 Postcard Designer Collection jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VAu000546589); showings of the infringing goods are annexed hereto as <u>Exhibit DD</u> (See also specific Infringement ID Nos. 25 & 26 from <u>Exhibit P</u>).

94.   Defendant Unique Settings has made or caused others to make unauthorized copies of Plaintiff Adwar's New Right Hand Ring Designs 2003 jewelry designs, thereby infringing upon Adwar's valuable Copyright in the same (Reg. No. VAu000594807); showings of the infringing goods are annexed hereto as <u>Exhibit EE</u> (See also specific Infringement ID Nos. 24 & 35 from <u>Exhibit P</u>).

95.   Plaintiff has not licensed or otherwise authorized Defendant Unique Settings' continued use of its copyrighted designs.

96.   Plaintiff has not authorized Defendant Unique Settings to substitute its "US ©" mark for Plaintiff's "A/C ©" mark.

97.   Defendants Unique Settings and Erdman's unauthorized and unlicensed uses of Adwar's jewelry designs complained of herein represent the ongoing infringements of Adwar's copyrights and trademarks.

98.   The natural, probable, and foreseeable result of Defendants' wrongful conduct has deprived, and continues to deprive, Plaintiff of the benefits and revenue from the sale of Plaintiff Adwar's copyrighted jewelry designs and the licenses to use the same.

99.   Plaintiff has lost, and will continue to lose, substantial revenue from Defendants' wrongful use, copying, displaying, and distribution in the manner complained of herein of Adwar's copyrighted jewelry designs.

100.  The natural, probable, and foreseeable result of Defendants' wrongful conduct has caused, and continues to cause, injury to Plaintiff's relationships with present and prospective customers who rely on the cachet that exclusive licensing creates in Plaintiff's various works.

101.  Defendants' wrongful conduct has deprived, and will continue to deprive, Plaintiff of opportunities for expanding the business good will associated with its goods and services.

102.  Defendants' unauthorized and unlicensed uses complained of herein have caused, and will continue to cause, confusion as to the source of Plaintiff's copyrighted jewelry designs.

103. Defendants' unauthorized and unlicensed uses of Plaintiff's jewelry designs complained of herein have created, and will continue to create, a false association in the minds of consumers of such goods.

104. Defendants' have refused to cease and desist from infringing upon Plaintiff's valuable copyrights and trademarks despite several demands for such action.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §501

105. Plaintiff repeats and re-alleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 104, inclusive, and incorporates them herein by this reference.

106. Defendants Unique Settings and Erdman have used, created, and caused to be created and distributed infringing copies of Adwar's jewelry designs, and by reason thereof, have willfully infringed and will continue to infringe Adwar's valuable Copyrights.

107. As a result of the acts of willful infringement alleged herein, Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendants; statutory damages as set forth in 17 U.S.C. §504(c) in the sum of $150,000 per infringement; or in an amount to be determined at trial, whichever is greater.

108. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but is not less than seven million, five-hundred thousand dollars ($7,500,000).

109. Plaintiff is also entitled to recover costs and reasonable attorney's fees in an amount to be determined at trial pursuant to 17 U.S.C. §505.

110. Plaintiff has no adequate remedy at law.

{00014251 v.1}

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

111. Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 110, inclusive, and incorporates them herein by this reference.

112. By reason of the acts complained of herein, Defendants Unique Settings and Erdman have engaged and will continue to engage in the knowing activities of systematically inducing, causing, and materially contributing to the past and ongoing infringements and distribution of infringing copies of Plaintiff's copyrighted jewelry designs.

113. Defendants have derived substantial financial benefit from the infringements of Adwar's copyrighted jewelry designs.

114. As a result of the acts of infringement alleged herein, Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendants; statutory damages as set forth in 17 U.S.C. §504(c) in the sum of $150,000 per infringement; or in an amount to be determined at trial, whichever is greater.

115. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but is not less than seven million, five-hundred thousand dollars ($7,500,000).

116. Plaintiff is also entitled to recover costs and reasonable attorney's fees in an amount to be determined at trial pursuant to 17 U.S.C. §505.

117. Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION and EXPRESS REVERSE PASSING OFF
## 15 U.S.C. §1125(a)

118. Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 117, inclusive, and incorporates them herein by this reference.

119. Defendants Unique Settings and Erdman have created or caused to be created unauthorized and infringing goods embodying Adwar's jewelry designs that are substantially similar in appearance, size, shape, material, and detail to Plaintiff's goods (See, for example, Exhibit N).

120. On each and every infringing good created using Adwar's jewelry designs, Defendant Unique Settings imprinted its own trademark (identified as "US ©") in place of Plaintiff's trademark (identified as "A/C ©") in substantially the same location in which Plaintiff imprints its trademark (See, for example, Exhibit N).

121. Defendants unauthorized acts complained of herein have each caused, and continue to cause, confusion, mistake, and a false designation of origin as to the source of Plaintiff's copyrighted jewelry designs.

122. Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendants as a result of the acts of infringement alleged herein, as well as attorneys' fees.

123. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but is not less than seven million, five-hundred thousand dollars ($7,500,000).

124. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1.    Preliminarily and permanently enjoin and restrain Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them under 17 U.S.C. §502 and 15 U.S.C. §1116 from;

    (a)    imitating, copying, distributing, or otherwise making unauthorized use of Adwar's copyrighted jewelry designs;

    (b)    labeling, affixing, imprinting, or otherwise placing Defendants' trademarks on infringing goods created using Adwar's copyrighted jewelry designs; and

    (c)    manufacturing, creating, producing, advertising, promoting, or displaying any products or advertisements bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of Adwar's copyrighted jewelry designs, including all uses on the Internet and in public or private showings.

2.    Direct that Defendants deliver for destruction, at Defendants' expense, *inter alia*, all jewelry, rings, pendants, castings, samples, and all other copies or derivative versions of Adwar's jewelry designs.

3.    Direct that Defendants deliver for destruction, at Defendants' expense, *inter alia,* all packages, catalogs, boxes, computer files, CAD (computer aided design) files, all models, molds and samples that relate to any infringing design, all disks, hard drives, data, CD's, DVD's, videotapes, and all other recorded media together with all other items in its possession or under its control, containing or displaying copies or images of Adwar's jewelry designs.

4.     Direct the imposition of a constructive trust as to all monies received by Defendants from all sales, licenses, and payments received by reason of the infringement of Adwar's copyrighted jewelry designs.

5.     Direct that Defendants provide to Plaintiff an accounting and a complete listing of all transactions conducted directly or by way of any Internet website or by way of any other means that may be under its direction or control involving Adwar's copyrighted jewelry designs.

6.     Direct that Defendants identify every recipient of the Infringing Jewelry sold or distributed by Defendants by the name, address, IP address and telephone number of each such recipient.

7.     Direct that Defendants be required to pay Plaintiff actual damages in an amount not less than $7,500,000; all profits, damages, and costs derived from the infringing use of Adwar's copyrighted jewelry designs; or statutory damages under 17 U.S.C. §504(c) in the sum of $150,000 per infringement, whichever is greater.

8.     Direct that Defendants be required to pay punitive and exemplary damages in such an amount as is to be awarded at trial.

9.     Direct that Defendants be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above.

10.    Direct that Defendants be ordered to transmit written notification to each customer identifying their infringing actions and require the return, at Defendants' cost, all goods infringing Adwar's copyrighted designs.

11.    Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

{00014251 v.1}

21

12.    Award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, ADWAR CASTING CO., LTD., hereby demands a trial by jury.


Dated: April 12, 2010

Respectfully submitted,
THE MARTINEZ GROUP PLLC

By: _____

Frank J. Martinez (FJM-2149)
Attorney for Plaintiff
ADWAR CASTING CO., LTD.

THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 316
Brooklyn, New York 11201
718.797.2341 Telephone
718.222.0481 Facsimile
FM@martinezgroup.com

{00014251 v.1}

22